UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:16-CV-81875-RLR

RICHARD STONE & LESLEY
BLACKNER,

    Plaintiffs,

vs.

BARCLAYS BANK PCL, BARCLAYS
CAPITAL INC., JOHN CREGAN,
DENIEL L. WEINER, SUTTONVIEW
CAPITAL, LLC and MICHAEL WINSTON,

    Defendants.
_____/

**ORDER TRANSFERRING CASE TO THE UNITED STATES
DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

**THIS CAUSE** comes before the Court on a Motion for Transfer by Defendants Barclays Bank PLC, Barclays Capital Inc., and Cregan [DE 27]. Defendants Weiner, Suttonview Capital, LLC, and Winston joined in the Motion to Transfer. DE 38, 67. The Court has reviewed the motion, responses, and replies thereto. For the reasons set forth below, this action is transferred to the United States District Court for the Southern District of New York.

**I.     BACKGROUND**

Plaintiffs, Richard Stone and Lesley Blackner, seek damages relating to losses they allegedly suffered as part of a "swap" transaction in which they invested for several months in 2015. DE 1 at 1-2. Each Defendant in this case has a connection to the swap transaction and Plaintiffs' investment in the transaction. Defendant Barclay Bank was the "swap dealer." *Id.* at 3. Defendant Barclay Capital Inc. is a firm affiliated with Barclay Bank and acted as Barclay Bank's agent in connection with the negotiation, documentation, and implementation of the swap

transaction. *Id.* Defendants Cregan and Weiner are former Barclay Capital Inc. employees who were involved in the transaction. Defendants Winston and Sutton View Capital, LLC advised Plaintiffs to invest in the transaction. *Id.* at 1-18. The gravamen of Plaintiffs' complaint is that the transaction was extremely risky, that Plaintiffs' financial circumstances were such that they were unqualified to participate in such a transaction, and that Defendants were aware or should have been aware of Plaintiffs' unsuitability for the transaction. The transaction was governed by an International Swap and Derivatives Association Master Agreement (the "Master Agreement"). That Master Agreement was amended by a schedule (the "Schedule").[1]

The Schedule contains a choice-of-law provision, Section 4(h), favoring New York law:

> Governing Law. This Agreement, as well as any claim or controversy arising out of or relating to the agreement, will be governed by and construed in accordance with the laws of the state of New York (without reference to choice of law doctrine).

In addition to a choice-of-law provision, both the Master Agreement and the Schedule contain clauses on court jurisdiction. The jurisdiction section appears in Section 13(b) of the Master Agreement, entitled "Governing Law and Jurisdiction" and states:

> (b) Jurisdiction. With respect to any suit, action or proceeding relating to this Agreement, each party irrevocably:
>
> > (i) submits to the jurisdiction of the English courts . . . or to the ***non-exclusive*** jurisdiction of the courts of ***the State of New York*** . . ., if this agreement is expressed to be governed by the laws of the State of New York; and
> >
> > (ii) waives any objection which it may have at any time to the laying of venue of any Proceeding brought in any court, waives any claim that such Proceeding have been brought in an inconvenient forum and further waives the right to object… that such court does not have any jurisdiction over such party.

---

[1] Because Plaintiffs argue that the Defendants have not provided the Court with the full agreements, the Court relies upon the text of the agreements (not challenged by Defendants) provided by Plaintiffs in concluding that the forum selection clause in this case must be enforced. DE 44-1.

2

> Nothing in this agreement precludes either party from bringing Proceedings in any other jurisdiction . . . nor will the bringing of Proceeding in any one or more jurisdictions preclude the brining of Proceedings in any other jurisdiction

*See* DE 44-1 at 13 (emphasis added).[2]  While the Master Agreement requires the parties to submit to the jurisdiction of the courts of the State of New York, the jurisdiction is non-exclusive.  The dispute before the Court arises as result of amendments to this provision in the Schedule.  The Schedule amends Section 13(b) by replacing 13(b)(i) with the following language:

> Jurisdiction. With respect to any suit action or proceeding relating to this Agreement . . . each party irrevocably: (i) submits to the *exclusive* jurisdiction of the courts of the ***State of New York*** . . .; In the event that the courts of the State of New York…decline jurisdiction, a party may go to another appropriate forum to hear the claim and (ii) waives any objection which it may have at any time to the laying of the venue of any Proceedings brought in any court, waives any claim that such Proceedings have been brought in an inconvenient forum and further waives the right to object, that such court does not have any jurisdiction over such party and.

DE 44-1 at 29 (emphasis added).  The Schedule therefore requires the parties to submit to the exclusive jurisdiction of the courts of the State of New York.  However, the Schedule only amended Section 13(b)(i) and left the other provisions in Section 13(b) intact.  In its final form, Section 13 was amended to read as follows:

> (b) Jurisdiction. With respect to any suit, action or proceeding relating to this Agreement, each party irrevocably:
>
> > (i) With respect to any suit action or proceeding relating to this Agreement…each party irrevocably: (i) submits to the *exclusive* jurisdiction of the courts of the ***State of New York*** . . .; In the event that the courts of the State of New York . . . decline jurisdiction, a party may go to another appropriate forum to hear the claim and (ii) waives any objection which it may have at any time to the laying of the venue of any Proceedings brought in any court, waives any claim that such Proceedings have been brought in an inconvenient forum and further waives the right

---

[2] For the ease of the reader, certain irrelevant portions of contract provisions at issue have been omitted.  *See* DE 44 at 5.

> to object, that such court does not have any jurisdiction over such party and.
>
> (ii) waives any objection which it may have at any time to the laying of venue of any Proceeding brought in any court, waives any claim that such Proceeding have been brought in an inconvenient forum and further waives the right to object… that such court does not have any jurisdiction over such party.
>
> ***Nothing in this agreement precludes either party from bringing Proceedings in any other jurisdiction*** . . . nor will the bringing of Proceeding in any one or more jurisdictions preclude the brining of Proceedings in any other jurisdiction

(emphasis added). The amended Section 13(b)(i) requires the parties to submit to the exclusive jurisdiction of the State of New York, while the amended Section 13(b), states that: "Nothing in this agreement precludes either party from bringing Proceedings in any other jurisdiction." Therein lies the less than clear language that the parties rely upon for their respective positions as to proper venue for this case.

Defendants rely upon this language to argue in favor of transfer of this case to the United States District Court for the Southern District of New York due to the forum selection clause in Section 13(b). Plaintiffs oppose the motion and argue instead that the language supports their position that their claims may be brought in any jurisdiction, including the Southern District of Florida.

## II.     LEGAL STANDARD

28 U.S.C. § 1404(a) provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district . . . to which all parties have consented."

"[A] district court considering a § 1404(a) motion . . . must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 581 (2013). The standard for transfer under §

4

1404(a) leaves much to the broad discretion of the trial court. *See Brown v. Connecticut Gen. Life Ins. Co.*, 934 F.2d 1193, 1197 (11th Cir. 1991); *see also Gonzalez v. Pirelli Tire, LLC*, No. 07-80453-CIV, 2008 WL 516847 (S.D. Fla. Feb. 22, 2008) (collecting many of the cases cited below). Congress authorized courts to transfer the venue of a case in order to avoid unnecessary inconvenience to litigants, witnesses, and the public and to conserve time, energy, and money. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). The burden is on the movant to establish that the suggested forum is more convenient. *In re Richoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989). Generally, the factors to be considered are the "[p]laintiff's initial choice of forum, convenience of the parties and witnesses, relative ease of access to sources of proof, availability of compulsory process for witnesses, location of relative documents, financial ability to bear the cost of the change, and all other practical problems that make trial of the case easy, expeditious and inexpensive." *Eye Care Intern, Inc. v. Underhill*, 119 F. Supp. 2d 1313, 1317-18 (M.D. Fla. 2000) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)); *see also Atl. Marine*, 134 S.Ct. at 581 n.6.

However, the Supreme Court has held that a forum selection clause should be given "controlling weight in all but the most exceptional cases" based on "extraordinary circumstances unrelated to the convenience of the parties[.]" *Id.* at 581 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring)). Thus, where a forum selection clause exists, the district court's analysis of a § 1404(a) motion changes in three ways: (1) "the plaintiff's choice of forum merits no weight"; (2) the Court is not to "consider arguments about the parties' private interests"; and (3) a "transfer of venue will not carry with it the original venue's choice of law rules[.]" *Id.* at 581-82.

5

### III. ANALYSIS

The Court analyzes Defendants' Motion to Transfer by determining: (A) what state's law applies to this dispute; (B) whether this matter must be transferred to another venue according to the terms of the disputed forum selection clause; and (C) which Defendants, if any, should be transferred to another venue.

#### A. The Choice of Law Clause

"The validity of a contractual choice-of-law clause is a threshold question that must be decided under the relevant forum's choice-of-law rules governing the effectiveness of such clauses." *Fin. One Public Co. Ltd. v. Lehman Bros. Special Fin., Inc.*, 414 F.3d 325, 331 (2d Cir. 2005). "Florida enforces choice-of-law provisions unless the law of the chosen forum contravenes strong public policy." *Mazzoni Farms, Inc. v. E.R. DuPont De Nemours & Co.*, 761 So. 2d 306, 311 (Fla. 2000). Here, there is no argument of note that the enforcement of the New York choice-of-law provision in this case violates a strong public policy of the State of Florida. Furthermore, the validity or scope of the choice-of-law provision in this case is not challenged; the challenge instead is directed to the forum selection clause in the Master Agreement.

Choice-of-law clauses "are presumptively valid." *See Lipcon v. Underwriters at Llloyd's, London*, 148 F.3d 1285, 1295 (11th Cir. 1998) (considering a choice-of-law clause in the context of an international transaction). "This presumption of validity may be overcome, however, by a clear showing that the clauses are 'unreasonable under the circumstances." *Id.* at 1295-96. A clause is unreasonable under the circumstances when: 1) its formation was induced by fraud or overreaching, 2) the plaintiff would effectively be deprived of its day in court because of the inconvenience and unfairness in the chosen forum, 3) the fundamental unfairness of the chosen law would deprive plaintiff of a remedy, or 4) enforcement of such provisions

would contravene a strong public policy. *Id.* at 1296. There is no argument before this Court, and the Court can discern no basis for such an argument, that any of the four factors outlined above apply in this case. As a result, the Court concludes that New York law applies to this dispute.

### B. The Forum Selection Clause

The Court has outlined above the facial conflict of terms in the Master Agreement that resulted from the amendments imposed by the Schedule. More specifically, Section 13(b)(i) requires the parties to file suit exclusively in the State of New York while Section 13(b) states that: "Nothing in this agreement precludes either party from bringing Proceedings in any other jurisdiction." The Court concludes that the exclusive forum selection clause in Section 13(b)(i) governs this dispute for two reasons.

First, under New York law "all parts of an agreement are to be reconciled, if possible, in order to avoid inconsistency." *Conergics Corp. v. Dearborn Mid-W. Conveyor Co.*, 43 N.Y.S.3d 6, 18 (N.Y. App. Div. 2016); *HSBC Bank USA v. Nat'l Equity Corp.*, 719 N.Y.S.2d 20 (N.Y. App. Div. 2001). New York law holds that "a contract should be read as a whole, and every part will be interpreted with reference to the whole." *Conergics Corp.*, 43 N.Y.S.3d at 18. Here, it is possible to reconcile the facial conflict in such a way as to avoid inconsistency. This conflict may be reconciled by concluding that (1) suit must be filed in the State of New York (which Section 15(b)(i) requires), but (2) if the State of New York declines jurisdiction for any reason ("In the event that the courts of the State of New York [decline jurisdiction]") then (3) "a party may go to another appropriate forum to hear the claim." This reading of Section 15(b)(i) reconciles any facial conflict because the statement in Section 15(b) that "[n]othing in this agreement precludes either party from bringing Proceedings in any other jurisdiction" merely

7

means that no party is precluded from bringing suit in other jurisdictions if a New York court declines to exercise jurisdiction. Moreover, this reconciliation is consistent with a reading of the Master Agreement and the Schedule as a whole because, when the documents are viewed in their entirety, it is clear that the amendment in the Schedule was meant to vest exclusive jurisdiction in the courts of the State of New York, albeit with imperfect tradecraft. In light of the above, the Court concludes that the forum selection clause in this case is exclusive and must be considered.

The Court has a second basis for its decision to consider the forum selection clause. The Master Agreement in Section 1(b) states that: "In the event of any inconsistency between the provisions of the Schedule and the other provisions of this Master Agreement, the Schedule will prevail." The Master Agreement, in its original form, did not require the State of New York to be the exclusive forum for litigation. The Schedule required the State of New York to be the exclusive forum for litigation and the terms therein were not disguised in any way, contained in fine print, or placed inside of an inconspicuous footnote. The Schedule amended the Master Agreement. To the extent the amendment was implemented imperfectly in such a way as to create a conflict between the terms of the Master Agreement and the Schedule, Section 1(b) requires that conflict to be resolved in favor of the terms in the Schedule. For this reason, this Court concludes that it must consider the exclusive forum selection clause.

Because the parties' exclusive forum selection clause must be considered by this Court, that clause should be "given controlling weight in all but the most exceptional cases." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct.*, 134 S. Ct. 568, 581 (2013). An exceptional case that justifies invalidation of a forum selection clause is a case in which the public's interest in the plaintiff's choice of forum outweighs the public's interest in the contracted-for forum, but public interest factors "will rarely defeat a transfer motion" and "the practical result" of a valid forum

selection clause is that the forum selection clause should control. *Id.* Here, there is no argument of merit before the Court sufficient to warrant invalidation of the forum selection clause. Indeed, as this dispute will be governed by New York law, the public's interest in having this dispute litigated in a New York court is significant. For all of the foregoing reasons, the exclusive forum selection clause in this case must be enforced and this suit must be transferred to the State of New York.[3]

### C. The Applicability of the Forum Selection Clause to Defendants

Plaintiffs argue that only one Defendant in this case, Barclay Bank, was a signatory to the contractual agreements and, therefore, the forum selection clause does not apply to the remaining non-signatory Defendants. The Court concludes, however, that this matter should be transferred pursuant to the forum selection clause as to all Defendants for two reasons.

First, under New York law a non-signatory to a contract can be bound by a forum selection clause if that party has a "sufficiently close relationship with the signatory and the dispute to which the forum selection clause applies." *Tate & Lyle Ingredients Americas, Inc. v. Whitefox Techs. USA, Inc.*, 949 N.Y.S.2d 375, 377 (N.Y. App. Div. 2012). The most important consideration in determining whether a non-signatory's relationship is sufficiently close is whether the non-signatory's "enforcement of the forum selection clause is foreseeable by virtue of the relationship between the [parties]." *Id.* Notably, the Master Agreement did not limit the scope of the forum selection clause to disputes arising out of that agreement. Instead, the forum selection clause applied to any dispute arising out of the underlying transaction. DE 44-1 at 29. Here, each of the Defendants has a sufficiently close relationship with the signatory and the

---

[3] Because the forum selection clause in this case requires a different federal forum, the clause must be enforced through a motion to transfer in lieu of a dismissal. *See Atlantic Marine*, 134 S. Ct. at 580.

*transaction* to warrant transfer.[4] Barclay Capital was an agent for Barclay Bank in connection with the transaction. Cregan and Weiner worked on the transaction as employees and representatives of Barclay Capital. As to these Defendants,[5] the Court concludes that enforcement of the forum selection clause was foreseeable by virtue of the relationship of these Defendants with Barclay Bank.

The Court has a second basis for its decision to transfer this matter as to all Defendants. The Court has broad discretion under 28 U.S.C. § 1404(a) to transfer any civil action to another federal district court for the convenience of the parties and witnesses, in the interest of justice. Here, the transfer of all of the Defendants in this case, in lieu of severance, satisfies "the policy of statutory transfer, which is to avoid duplicative litigation, inconvenience, and unnecessary expenses." *Meterlogic, Inc. v. Copier Sols., Inc.*, 185 F. Supp. 2d 1292, 1303 (S.D. Fla. 2002). The facts of this case are intertwined with respect to all Defendants, including Defendants Suttonview LLC and Winston. Sunntonview and Winston recommended the transaction at issue to Plaintiffs and, ultimately, this case is about the inherent risk in the transaction, Plaintiffs' individual financial circumstances and, most importantly, the propriety of Plaintiffs' involvement in the transaction in light of their personal financial circumstances. This is an issue with a common factual nexus as to all Defendants. If the issues in this case were to be litigated in two separate courts, there would be an unnecessary waste of time, energy, and money. *See Van Dusen v. Barrack*, 376 U.S. 612, 615 (1964) (noting the purpose of section 1404 is to avoid unnecessary waste). For all of the foregoing reasons, the Court concludes that this action should be transferred as to all Defendants.

---

[4] Alternatively, each of the Defendants has a sufficiently close relationship with the signatory and the contractual agreements to warrant transfer.
[5] The Court addresses Defendants Suttonview LLC and Winston below.

## IV.     CONCLUSION

It is hereby, **ORDERED AND AJDUGED** that Defendants' Motion for Transfer [DE 27] is **GRANTED.** The Clerk of Court is hereby directed to **TRANSFER** this case to the United States District Court for the Southern District of New York. All pending motions are hereby **TERMINATED**. The Clerk of the Court shall **CLOSE THIS CASE**.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this 28th day of February, 2017.

Copies furnished to:  
Counsel of record

ROBIN L. ROSENBERG  
UNITED STATES DISTRICT JUDGE